Filed:  March 16, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 09-1383(L)
(8:00-cv-03491-WDQ)

———————

HILDA L. SOLIS, Secretary of Labor, United States Department
of Labor,

           Plaintiff – Appellee,

CLARK CONSULTING,

           Party-in-Interest – Appellee,

        v.

ROMA   P.   MALKANI;   INFORMATION   SYSTEMS   AND   NETWORKS
CORPORATION EMPLOYEES' PENSION PLAN; INFORMATION SYSTEMS AND
NETWORKS   CORPORATION   PROFIT   SHARING   PLAN;   INFORMATION
SYSTEMS & NETWORKS CORPORATION,

           Defendants - Appellants.

———————

O R D E R

———————

     Upon motion of the Secretary of Labor for publication of
the court's opinion,

     IT IS ORDERED that the motion to publish is granted.

     The Court amends its opinion filed February 4, 2011, as
follows:

     On the cover sheet, section 1 -- the status is changed from
"UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status line is changed to read "Affirmed by published opinion."

On page 2 -- the reference to the use of unpublished opinions as precedent is deleted.

On page 11 of the published slip opinion, first full paragraph, line 10 -- the case number "No. 1:07-CV-1259-JOF" is inserted in the citation to Chao v. Wagner.

For the Court – By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HILDA L. SOLIS, Secretary of
Labor, United States Department
of Labor,

*Plaintiff-Appellee,*

CLARK CONSULTING,

*Party-in-Interest-Appellee,*

v.

ROMA P. MALKANI; INFORMATION
SYSTEMS AND NETWORKS
CORPORATION EMPLOYEES' PENSION
PLAN; INFORMATION SYSTEMS AND
NETWORKS CORPORATION PROFIT
SHARING PLAN; INFORMATION
SYSTEMS & NETWORKS
CORPORATION,

*Defendants-Appellants.*

No. 09-1383

HILDA L. SOLIS, Secretary of
Labor, United States Department
of Labor,

*Plaintiff-Appellee,*

CLARK CONSULTING,

*Party-in-Interest-Appellee,*

v.

ROMA P. MALKANI; INFORMATION
SYSTEMS AND NETWORKS
CORPORATION EMPLOYEES' PENSION
PLAN; INFORMATION SYSTEMS AND
NETWORKS CORPORATION PROFIT
SHARING PLAN; INFORMATION
SYSTEMS & NETWORKS
CORPORATION,

*Defendants-Appellants,*

and

SALOMON SMITH BARNEY,
INCORPORATED,

*Defendant-Appellee.*

No. 10-1061

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
William D. Quarles, Jr., District Judge.
(8:00-cv-03491-WDQ)

Argued: October 27, 2010

Decided: February 4, 2011

Before WILKINSON, GREGORY, and WYNN,
Circuit Judges.

Affirmed by published opinion. Judge Gregory wrote the opinion, in which Judge Wilkinson and Judge Wynn joined.

---

## COUNSEL

**ARGUED:** Norman Henry Singer, SINGER & ASSO-CIATES, PC, Bethesda, Maryland, for Appellants. Edward D. Sieger, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Appellee Secretary of Labor; Gregory L. Skidmore, KIRKLAND & ELLIS, LLP, Washington, D.C., for Appellee Clark Consulting. **ON BRIEF:** M. Patricia Smith, Solicitor of Labor, Timothy D. Hauser, Associate Solicitor for Plan Benefits Security, Nathaniel I. Spiller, Counsel for Appellate and Special Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Appellee Secretary of Labor. Christopher Landau, KIRK-LAND & ELLIS, LLP, Washington, D.C., for Appellee Clark Consulting.

---

## OPINION

GREGORY, Circuit Judge:

This appeal arises out of a successful enforcement action brought under the Employee Retirement Income Security Act of 1974 ("ERISA") by the Secretary of Labor (hereinafter the "Secretary") against the defendant-appellants, Information System and Networks and Roma Malkani, its president and sole owner (hereinafter, collectively, "ISN").

On appeal, ISN asks us to reverse several district court orders, wherein the court ruled in favor of the Secretary, the appellee-plaintiff, and Clark Consulting (hereinafter "Clark"), the appellee-party-in-interest. We must decide (1) whether ISN waived its objections to a magistrate judge report by fail-

ing to appeal for district court review within the statutorily prescribed ten day period; (2) whether the court abused its discretion by authorizing the independent fiduciary who replaced Clark to terminate the pension plan; and (3) whether ISN's objections to the refusal of the district court to stay its order requiring ISN to pay the replacement fiduciary are now moot. For the forgoing reasons, we affirm the decisions of the district court.

I.

In November 2000, the Secretary initiated an ERISA lawsuit against ISN on behalf of the beneficiaries of ISN's defined contribution pension and profit sharing plan. The lawsuit alleged that ISN had violated its fiduciary duty to properly administer the plan. *See generally Chao v. Malkani*, 216 F. Supp. 2d 505, 508 (D. Md. 2000), *aff'd.*, 452 F.3d 290 (4th Cir. 2006).

In July 2002, the district court granted partial summary judgment in favor of the Secretary. The court specifically held that ISN, at Malkani's instruction, had violated section 406(a)(1)(D) of ERISA when it had monies totaling $62,888.05 transferred from the plan to it, ostensibly to pay for "plan administration expenses." 216 F. Supp. 2d at 518. The court also noted that, both before and after that illegal transfer, ISN had similarly attempted to have $435,761.52 and $706,264.54 transferred from the plan to it. *Id.* at 509. The court therefore ordered that ISN be removed as the administrative fiduciary of the plan; and asked the Secretary to name a replacement independent fiduciary, with all of the costs and expenses incurred by that fiduciary to be paid by ISN. *Id.* at 518-19.

A.

In March 2003, the Secretary filed a motion asking that Clark be appointed as the independent fiduciary for the pen-

sion plan. Attached to the motion was a proposal outlining Clark's expertise, the work to be performed, and the conditions under which Clark could terminate the agreement (hereinafter the "Proposal"). In May 2003, over the objections of ISN, the court appointed Clark as the independent fiduciary, and again confirmed that ISN would be liable for all costs incurred by Clark.

In October 2004, the district court held a three-day bench trial to determine whether ISN had violated ERISA. On March 30, 2005, the court issued a decision that found ISN liable for breaching its fiduciary duties under ERISA and ordered ISN to reimburse the pension plan. After ISN appealed that decision to this Court, we wholly affirmed the district court. We held that "defendants' repeated and questionable conduct established their breach of ERISA's standards;" and that ISN had "continually acted in an objectively unreasonable manner that conflicted with their duties of loyalty and care." 452 F.3d at 298.

### B.

On July 24, 2006, following this Court's decision upholding the merits of the underlying action, the Secretary filed an unopposed motion asking the district court to refer Clark's pending fee request to a magistrate judge. Three days later, on July 27, the district court granted the referral request. The order did not specify whether the referral called for the magistrate judge to issue recommendations on a dispositive motion or a formal order on a non-dispositive motion.

On July 11, 2007, the magistrate judge found that ISN owed Clark approximately $498,116 in fees and costs. The findings of the magistrate judge were entered on the docket as an "order of the Court." Joint Appendix ("J.A.") 410. Rather than bringing its objections to these findings before the district court, ISN instead immediately appealed the "order" to this Court.

On June 5, 2008, we dismissed ISN's appeal for lack of appellate jurisdiction. We held that the "order" was not directly appealable because it was issued as a recommendation under 28 U.S.C. § 636(b). We further held that, before appealing to this Court, ISN should have first challenged the recommendation in the district court. We declined to rule on whether ISN had waived its right to district court review by not seeking review within ten days,[1] and remanded the case for further proceedings.

On remand, the district court issued a February 25, 2009 opinion, which addressed whether ISN had waived district court review of the findings of the magistrate judge. Consistent with our ruling, the district court found that the issue of fees had been referred to the magistrate judge as a dispositive motion and that, although not styled as such, the "order" was in fact a recommendation under § 636(b). Further, the district court found that, by failing to object to the recommendation within ten days, ISN had waived its right to district court review of these recommendations. For these reasons, the court wholly adopted the recommendations of the magistrate judge without modification.

C.

On April 23, 2009, Clark filed a motion to withdraw as the independent fiduciary. Clark had recently restructured its business, and was no longer able or willing to act as an independent fiduciary. Clark noted that the Proposal permitted it to terminate its engagement at any time with sixty days prior notice and preapproval by the court. In response, the Secretary requested that the court not release Clark until the appointment of a proper replacement. Given Clark's continu-

---

[1]The current version of 28 U.S.C. § 636(b), which became effective on December 1, 2009, provides a party with fourteen days to file written objections to the recommendations issued by a magistrate judge for review by the district court.

ing struggles to receive payment from ISN, the Secretary requested that ISN pay all of the costs of the replacement fiduciary upfront. The Secretary also asked the court to terminate the now-effectively defunct plan.

On October 16, 2009, the district court issued a memorandum and order allowing Clark to withdraw within thirty days, pending the appointment of its replacement, and denied the Secretary's request that the pension plan be terminated. ISN was also ordered to "advance the successor trustee's annual fee and estimated expenses" within sixty days. J.A. 72.

On November 16, 2009, the Secretary offered Nicholas Saakvitne as the replacement fiduciary. A month later, on December 16, 2009, the court accepted the replacement fiduciary. In its December 16, 2009 order, the court directed ISN to pay Saakvitne within fifteen days an upfront fee, plus the expected costs of the 2009 and 2010 audits of the pension plan. The court conditioned the concurrent appointment of Saakvitne and the withdrawal of Clark on the payment by ISN of the upfront fee. The court also adopted the proposed fiduciary agreement for Saakvitne, which gave him the exclusive power to terminate the pension plan.

ISN failed to pay Saakvitne within fifteen days. Instead, a week after the deadline passed, ISN appealed the December 16, 2009 order of the district court. ISN asked the court to approve a stay of the order upon the posting by ISN of a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d).

On January 15, 2010, in response to the motion for a stay, Clark filed an emergency motion for contempt against ISN. The same day, the district court ordered that ISN be held in civil contempt and fined $250 a day until it paid Saakvitne's fees and expenses. The court explained that ISN could not suspend its payment of expenses through a supersedeas bond because the December 2009 order was not a final judgment,

but an "injunctive type" of remedy enforceable by contempt. Supplemental Appendix ("S.A.") 185-86. The court also noted that the bond posted by ISN "may protect Saakvitne from non-payment; but, it does not relieve the current fiduciary, Clark, who [only] may be removed as trustee following the appointment of its replacement." S.A. 186.

ISN did not appeal the January 15, 2010 order where the court found ISN in contempt. Instead, ISN paid Saakvitne on January 29, 2010; thereby, simultaneously confirming both the withdrawal of Clark as the independent fiduciary and the appointment of Saakvitne as the same.

## II.

Here, we are called upon to address three issues: (1) whether the district court erred in wholly adopting the recommendations of the magistrate judge without review; (2) whether the district court erred in issuing its December 2009 order requiring ISN to pay Saakvitne; and (3) whether the district court abused its equitable powers under ERISA by extending to Saakvitne the power to terminate the plan.

## A.

Whether ISN waived its right to challenge the findings of the magistrate judge by failing to file its objections with the district court within ten days is a question of law subject to de novo review. *See United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984); *see also United States v. General*, 278 F.3d 389, 399 (4th Cir. 2002) ("Whether a defendant has effectively waived his statutory right to appeal . . . is a question of law subject to de novo review.").

ISN waived its right to full district court review of the recommendations when it failed to object within ten days of their issuance by the magistrate judge. In the last appeal, we determined that the fees issue had been referred to the magistrate

judge under § 636(b)(1)(B), and, as such, had been issued by the magistrate judge as a recommendation. Although we declined to decide whether ISN had waived its right to review of the recommendations by failing to file any objections with the district court within ten days of the issuance of the recommendations, the law at the time was clear: ISN had only ten days to request further review. *See* 28 U.S.C. § 636(b)(1) (West 2008) ("Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations . . . ."). Moreover, we note that a party's failure to object to a magistrate judge's recommendations within ten days in either a nondispositive, Fed. R. Civ. P. 72(a), or a dispositive matter, Fed. R. Civ. P. 72(b), waives further review. "In this circuit, as in others, 'a party "may" file objections within ten days or he may not, as he chooses, but he "shall" do so if he wishes further consideration.'" *Wells v. Shriners Hospital*, 109 F.3d 198, 199 (4th Cir. 1997) (quoting *Park Motor Mart v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980)).

ISN also argues that the district court erred by failing to inform ISN that it had ten days to request further review. However, this Court has clearly stated that, although *pro se* litigants are entitled to such a warning, the rule is different for counseled parties:

> A court is under no obligation to advise every lawyer of every deadline for every proceeding – much less every consequence should the deadline be missed or ignored. The 10 day deadline is hardly obscure . . . . [T]he Magistrates Act, the Federal Rules, and Fourth Circuit precedent provide[ ] more than sufficient notice . . . .

*Wells*, 109 F.3d at 200. Counsel for ISN chose not to file any objections, and, instead, injudiciously appealed to this Court. Counsel should have known that their failure to act waived the right of their clients to district court review of the recom-

mendations, and that, thereafter, the court would be free to adopt the recommendations wholesale. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe any explanation need be given before adopting the [magistrate judge's] report.").

Therefore, there was no error when—in accordance with our earlier decision, which declared that the magistrate judge had issued a recommendation –- the district court found that ISN had only ten days to raise its objections, and, by failing to do so, it had waived its right to any further review.

B.

"We review a district court's award of equitable relief for abuse of discretion, accepting the court's factual findings absent clear error, while examining issues of law de novo." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (citations omitted).

"A federal court enforcing fiduciary obligations under ERISA is . . . given broad equitable powers to implement its remedial decrees." *Delgrosso v. Spang & Co.*, 769 F.2d 928, 937 (3d Cir. 1985). These necessarily include the power to order the termination of a plan. Indeed, § 1109(a) of ERISA states that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be . . . subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). In cases initiated by the Secretary, a court is further authorized to provide other "appropriate relief" where necessary. 29 U.S.C. §§ 1132(a)(2), 1132(a)(5). Thus, in certain narrow circumstances, it is wholly appropri-

ate for a court to provide an appointed independent fiduciary with the power to terminate a plan. *Delgrosso*, 769 F.2d at 937-38 & n.12.

Here, in light of the deteriorating state of the pension plan, the district court did not err in using its equitable powers to extend to the replacement fiduciary, Saakvitne, the authority to terminate the plan. Importantly, the pension plan is now almost completely dormant, as only seven of its original 309 participants remain active. S.A. 47. *See, e.g., Solis v. Vigilance, Inc.*, No. C 08-05083 JW, 2009 WL 2031767, at *3 (N.D. Cal. July 9, 2009) (removing employer-fiduciaries who abandoned plan and authorizing independent fiduciary to terminate the plan); *Chao v. Wagner*, No. 1:07-CV-1259-JOF, 2009 WL 102220, at *3 (N.D. Ga. Jan. 13, 2009) (similar). In the event that the pension plan is formally terminated, the statute requires that participants have their contributions returned, with any surplus assets allocated by the independent fiduciary to the appropriate participants. *See* 29 U.S.C. § 1344(a); *Delgrosso*, 769 F.2d at 937-38.

Notably, nowhere in its briefing and at no time during oral argument could ISN articulate why it insisted on continuing the pension plan. Indeed, given the unfortunate history of ISN's mismanagement of the plan and repeated attempts to misappropriate its funds, *see Malkani*, 216 F. Supp. 2d at 509, 518, further continuation of the plan would likely only perversely benefit ISN.

Therefore, given these circumstances, the court acted within its discretion when it allowed the replacement fiduciary to formally terminate the plan.[2]

---

[2]Despite arguments by ISN to the contrary, as a defined contribution plan, *Malkani*, 452 F.3d at 291, the pension plan is not covered by § 1341. *See* 29 U.S.C. § 1321(b)(1) (individual account plans are not covered); 29 U.S.C. § 1002(34) (individual account plan is a defined contribution). Nonetheless, even if § 1341 were applicable here, so long as the proper procedures are followed, that section also permits a fiduciary to terminate a plan. 29 U.S.C. § 1341(b).

## C.

The issue of whether ISN's request for a stay is moot is a question of law to be reviewed de novo. *Green v. City Of Raleigh*, 523 F.3d 293, 298 (4th Cir. 2008). Similarly, whether the district court order requiring ISN to pay Saakvitne was one for injunctive or monetary relief is also subject to de novo review.

Because ISN has already paid Saakvitne and ISN did not appeal the district court's denial of its request for a stay under Fed. R. App. P. 8(a)(2), ISN's appeal of the earlier December 2009 order is now moot. *See, e.g.*, *Koger v. United States*, 755 F.2d 1094, 1096-98 (4th Cir. 1985) (holding that an appeal by taxpayers in a lawsuit seeking to enjoin the government from collecting income tax deficiencies was mooted because the taxpayers had paid the deficiencies pending the appeal).

Furthermore, the posting of a supersedeas bond may only stay a monetary judgment pending an appeal, Fed. R. Civ. P. 62(d), and does not permit a party to stay injunctive relief, *see Illinois Bell Tel. Co. v. WorldCom. Techs., Inc.*, 157 F.3d 500, 502 (7th Cir. 1998) (where a court issues "an order to do, rather than an order to pay, . . . the rationale as well as the text of Rule 62(d) is inapplicable" (citation and internal quotations omitted)). And, as the district court correctly recognized:

> The bond posted by [ISN] may protect Saakvitne from non-payment; but it does not relieve the current fiduciary, Clark, who may be removed as trustee [only] following the appointment of its replacement . . . . [T]he bond does not serve [Federal Rule of Civil Procedure] 62(a)(1) by relieving Clark of its duties during the pendency of the appeal.
>
> The Court's order for prepayment of Saakvitne is . . . an "affirmative injunction" because it is directed to [ISN], is enforceable by contempt, and was

> designed to protect the beneficiaries of the Plan for the next year. Because the order to prepay Saakvitne was injunctive relief, it was not stayed by the filing of a supersedeas bond . . . .

S.A. 186-187. The court properly exercised its equitable powers to force ISN to pay Saakvitne. Thus, despite ISN's payment of a bond, the court committed no error in denying the stay.[3]

## III.

We hold that—by failing to object to the recommendations of the magistrate judge regarding payment of fees to Clark within ten days as then required by 28 U.S.C. § 636(b) — ISN waived its right to further review of the recommendations. Similarly, under these circumstances, the district court was within its equitable powers to authorize the replacement fiduciary, Saakvitne, to terminate the pension plan. Finally, the motion by ISN seeking to stay the payment of fees to Saakvitne is moot. Accordingly, the decisions of the district court are

*AFFIRMED*.

---

[3]Notably, Saakvitne is also not a party in this appeal, nor was the initial enforcement action brought for his monetary benefit. Under these circumstances, it is patently absurd of ISN to argue that the court's order was anything other than an exercise of its equitable powers.