**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-2008**

———————

ROMA P. MALKANI; INFORMATION SYSTEMS & NETWORKS
CORPORATION,

     Plaintiffs - Appellants,

   v.

CLARK CONSULTING, INCORPORATED; STRATFORD ADVISORY GROUP,
INCORPORATED; CLARK & WAMBERG, LLC,

     Defendants – Appellees,

  and

INFORMATION SYSTEMS AND NETWORKS CORPORATION EMPLOYEES'
PENSION PLAN,

     Defendant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District
Judge. (8:09-cv-02875-AW)

———————

Submitted: June 30, 2011    Decided: August 1, 2011

———————

Before WILKINSON, GREGORY, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Norman H. Singer, SINGER & ASSOCIATES, PC, Bethesda, Maryland,
for Appellants. Sara Pikofsky, JONES DAY, Washington, D.C.;
Christopher C. Posteraro, Gregory L. Skidmore, Kathryn L.

Einspanier, KIRKLAND & ELLIS LLP, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Roma P. Malkani ("Malkani") and Information Systems and Networks Corporation ("ISN") brought an action against Clark Consulting, Inc., Stratford Advisory Group, Inc., and Clark & Wamberg, LLC ("Clark Group"), the administrators, for an alleged breach of their fiduciary duties to ISN's Employees' Pension Plan ("Plan") under the Employment Retirement Income Security Act of 1974 ("ERISA"). Malkani and ISN brought their claims under ERISA § 502(a). See 29 U.S.C. § 1132(a) (2006).

The district court granted the Clark Group's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The court further found that Malkani lacked standing to sue the Clark Group because she failed to show an injury in fact, as required for standing under Article III of the Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The court found that ISN lacked jurisdiction to sue under § 502(a)(2) of ERISA, as it was Plan sponsor — not a fiduciary of the Plan. An employer, such as ISN, has standing under § 502(a)(2) only if it is a fiduciary under ERISA and is asserting a claim in its fiduciary capacity. Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003); see 29 U.S.C. § 1132(a)(2).

3

We review de novo a district court's decision to dismiss for lack of standing. Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009). The Supreme Court has made it clear that "standing is an essential and unchanging part of that case-or-controversy requirement of Article III," Lujan, 504 U.S. at 560, one that "state[s] fundamental limits on federal judicial power in our system of government." Allen v. Wright, 468 U.S. 737, 750 (1984).

We find no reversible error in the district court's opinion and affirm for the reasons stated by the district court. See Malkani v. Clark Consulting, Inc., 727 F. Supp. 2d 444 (D. Md. 2010). Moreover, we note that this is Appellants' fourth appeal related to this dispute. Several of the issues raised in this appeal appear to have previously been rejected by this court in our two prior published opinions on the matter. See Solis v. Malkani, 638 F.3d 269 (4th Cir. 2011) (regarding the appeal of action brought by the Secretary of Labor); Chao v. Malkani, 452 F.3d 290 (4th Cir. 2006) (same).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4