NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

ACTIVEVIDEO NETWORKS, INC.,
*Plaintiff-Cross Appellant,*

v.

VERIZON COMMUNICATIONS, INC., VERIZON SERVICES CORP., VERIZON VIRGINIA INC., AND VERIZON SOUTH INC.,
*Defendants-Appellants.*

2011-1538, -1567, 2012-1129, -1201

Appeals from the United States District Court for the Eastern District of Virginia in case no. 10-CV-0248, Judge Raymond A. Jackson.

## ON MOTION

Before BRYSON, MAYER, and LINN, *Circuit Judges.*

PER CURIAM.

## ORDER

These appeals stem from an action brought by ActiveVideo Networks, Inc. in the United States District Court for the Eastern District of Virginia charging Verizon Communications, Inc. et al. (Verizon) with infringement of four patents. The jury returned a verdict that two of Verizon's video-on-demand systems infringed ActiveVideo's patents and awarded $115,000,000.00 in damages. The court permanently enjoined Verizon from making, using, selling, and offering for sale its infringing systems, but delayed the injunction's effective date for six months, until May 23, 2012, to allow Verizon to implement a non-infringing system ("sunset period").

During the sunset period, the court agreed with ActiveVideo that Verizon should pay a court-imposed royalty payment. In reaching its $2.75 per subscriber rate, the district court rejected a lower rate requested by Verizon set forth in an prior agreement with a third party on the basis that "ActiveVideo was [now] in a stronger bargaining position after the jury's verdict."

Verizon filed a motion to stay the portion of the injunction order imposing a royalty rate payment upon the posting of a supersedeas bond. When the district court denied that motion, Verizon appealed and asked us for a stay.

This court applies the procedural law of the relevant regional circuit when reviewing a district court's decision to grant or deny a motion for a stay under Rule 62(d) of the Federal Rules of Civil Procedure. In the Fourth Circuit, the appellate court reviews de novo whether the district court's order was one for injunctive or monetary relief. *See Solis v. Malkani*, 638 F.3d 269, 275 (4th Cir. 2011).

Ordinarily, an appellant may obtain a stay of a judgment "as a matter of right" by posting a supersedeas

bond. *See* Fed. R. Civ. P. 62(d). The district court denied the motion for a stay on the ground that the royalty payments it ordered Verizon to make during the sunset period were a condition of the temporary stay of the injunction and not an award of damages that would be subject to a stay under Rule 62(d).

That characterization of the monetary award for the sunset period does not render Rule 62(d) inapplicable. The general rule is that when a judgment includes both a monetary award and an injunction, a supersedeas bond stays the monetary award. 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2905 (2d ed. 1995). The form of the order to pay money does not matter; what matters is "whether the judgment involved is monetary or nonmonetary." *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (even though district court's judgment was in the form of a declaratory judgment, Rule 62(d) applied because the declaratory judgment bound the appellant "to pay a specific sum of money").

The fact that the district court regarded the requirement that Verizon make royalty payments during the six-month sunset period as a necessary condition for temporarily staying the injunction does not alter the fact that the royalty payments constitute monetary relief that is normally subject to Rule 62(d). Although the effect of a stay is to deprive ActiveVideo of immediate access to the royalty payments, the supersedeas bond ensures that those payments will be readily available to ActiveVideo if it should prevail on appeal. At the same time the bond ensures that if Verizon should prevail on appeal, it will not run the risk of being unable to recoup the payments made during the sunset period.

In opposing the stay of the monetary relief, ActiveVideo relies on the Fourth Circuit's decision in *Solis*. In

that unusual case, the district court found that a pension plan administrator had violated its obligations to the plan. The court then granted the Labor Department's request to appoint an independent fiduciary to run the plan and ordered the defendants to pay the independent fiduciary's costs and retainer fee. The defendants failed to pay the retainer fee, and the independent fiduciary sought to withdraw. The court accepted the fiduciary's withdrawal, but only on the condition that the defendants pay an upfront fee to a new fiduciary that would operate the plan. At that point, the defendants sought a stay of the payment requirement conditioned on a bond. The district court and the court of appeals denied that request on the ground that the court's prepayment order was part of an "affirmative injunction" directed at ensuring that the plan would have a fiduciary to operate it and because the payment obligation ran not in favor of the opposing party, but in favor of the non-party fiduciary. In this case, by contrast, the royalty payments are a form of damages to the prevailing party in the case, designed to compensate the prevailing party for the infringing conduct during the sunset period when an injunction is not in effect. This case, unlike *Solis*, thus involves a more traditional assessment of monetary relief in favor of the party who prevailed on the merits before the trial court, and it is therefore within the scope of the general rule authoring a stay under Rule 62(d).

Accordingly,

IT IS ORDERED THAT:

The motion is granted, conditioned on Verizon's posting a bond with the district court for the payment of sunset royalties that became due during the sunset period.

FOR THE COURT

**APR 0 2 2012**
_____                    /s/ Jan Horbaly
Date                               Jan Horbaly
                                   Clerk

cc:  Michael J. Lyons, Esq.
     Michael K. Kellogg, Esq.

s19                                          **FILED**
                                   U.S. COURT OF APPEALS FOR
                                       THE FEDERAL CIRCUIT

                                        APR 0 2 2012

                                        JAN HORBALY
                                          CLERK