**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6452**

MARIO ESCALANTE,

Plaintiff - Appellant,

v.

ANDERSON COUNTY SHERIFF'S DEPARTMENT; SHERIFF JOHN
SKIPPER, in his official and individual capacities; SERGEANT ANDREW R.
HYSLOP, in his official and individual capacities; DEPUTY BRANDON
SURRATT, in his official and individual capacities; DAVID L. RODGERS, d/b/a
Whitehall Express Mart; JANICE W. RODGERS, d/b/a Whitehall Express Mart,

Defendants - Appellees,

and

CITY OF ANDERSON POLICE DEPARTMENT; CHIEF OF POLICE JAMES S.
STEWART, in his official and individual capacities; JOHN DOES 1-20,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at
Anderson. Mary G. Lewis, District Judge. (8:15-cv-00177-MGL)

Submitted: September 29, 2017                    Decided: October 12, 2017

Before WILKINSON, NIEMEYER, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald L. Smith, DONALD SMITH LAW FIRM, Anderson, South Carolina, for Appellant. Phillip E. Reeves, GALLIVAN, WHITE & BOYD, P.A., Greenville, South, Carolina; J. Victor McDade, DOYLE, TATE & MCDADE, Anderson, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Escalante appeals from the district court's order denying his motion for reconsideration of its August 16, 2016, order adopting the recommendation of the magistrate judge and granting summary judgment to Appellees in his civil action under 42 U.S.C. § 1983 (2012) and South Carolina state law. On appeal, Escalante challenges the magistrate judge's February 2, 2016, order granting the motion of Appellees Hyslop and Surratt seeking a protective order excluding their personal cellular phone numbers and records from discovery and the district court's August 16 summary judgment order. We affirm.

With respect to the February 2 order, Escalante argues that it was error to prohibit the discovery of the cellular phone records of Hyslop and Surratt. Because the magistrate judge, rather than the district court, issued the ruling granting the motion for a protective order, Fed. R. Civ. P. 72(a) governs. Under Rule 72(a), if an aggrieved party fails to timely object to a magistrate judge's order ruling on a nondispositive motion in the district court, then thereafter the "party may not assign as error a defect in the [magistrate judge's] order." Fed. R. Civ. P. 72(a); *see Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011). The record does not indicate that Escalante ever objected to the magistrate judge's ruling granting the motion for a protective order. Accordingly, he has waived appellate review of this issue. *Malkani*, 638 F.3d at 274. We thus affirm the February 2 order.

Next, applying a de novo standard of review, *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016), we have reviewed the record and the parties'

3

briefs and find no reversible error in the district court's August 16 grant of summary judgment to Appellees. Accordingly, we affirm that order for the reasons stated by the district court. *Escalante v. Anderson Cty. Sheriff's Dep't*, No. 8:15-cv-00177-MGL (D.S.C. Aug. 16, 2016).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*