**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6624**

BRYAN KERR DICKSON,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; JEFF SESSIONS III; LORETTA LYNN; ERIC H. HOLDER, JR.; CHARLES E. SAMUELS, JR.; DESIGNATION AND SENTENCE COMPUTATION CENTER, DSCC; C. EICHENLAUB; MATTHEW W. MELLADY; ZACHARY KETTON; TERRY O'BRIEN; JOHN GILLEY; FEDERAL AGENT / CORRECTIONAL OFFICER MCGREGG; FEDERAL AGENT / CORRECTIONAL AGENT ALLISON; FEDERAL AGENT / CORRECTIONAL AGENT BRADY; FEDERAL AGENT / CORRECTIONAL AGENT JOE DOE, 1 1; M. WIENER; LOTSPEICH,

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:16-cv-00082-GMG-JES)

Submitted:  January 31, 2018                    Decided:  February 9, 2018

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Bryan Kerr Dickson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Kerr Dickson appeals the district court's order adopting the recommendation of the magistrate judge; vacating its order granting Dickson leave to proceed without prepayment of fees under the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and dismissing Dickson's civil complaint without prejudice pursuant to 28 U.S.C. § 1915(g) (2012). For the reasons that follow, we vacate and remand for further proceedings.

We review de novo a district court's interpretation of § 1915(g) and its related legal conclusions. *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (en banc). Under the PLRA, a prisoner who has accrued three or more strikes—actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted— may not proceed without prepayment of fees unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For a case to qualify as a strike, the entire action must be dismissed as frivolous, malicious, or for failure to state a claim. *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011). Further, an action dismissed without prejudice for failure to state a claim does not count as a strike under the PLRA. *McLean v. United States*, 566 F.3d 391, 396-97 (4th Cir. 2009).

Here, the magistrate judge concluded that Dickson's PLRA status was subject to rescission and that his complaint was subject to dismissal without prejudice because he had accrued three prior strikes and alleged no imminent danger of serious physical injury. The district court adopted this recommendation after concluding that Dickson had not filed

3

specific objections to the recommendation and that the magistrate judge's determination was not clearly erroneous.

We previously issued an order granting Dickson leave to proceed under the PLRA in this appeal. After our order issued, Dickson moved the district court to reopen its proceedings. In response, the district court issued an order on October 25, 2017, vacating its order dismissing Dickson's complaint under § 1915(g), remanding the case to the magistrate judge, and denying as moot Dickson's motion to reopen.

As an initial matter, "a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Because the district court lacked jurisdiction to vacate its dismissal order during the pendency of this appeal,[*] *see Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890-91 (4th Cir. 1999) (discussing appropriate procedure for addressing matters "in aid of the appeal"), we conclude that the district court's October 25, 2017, order does not moot this appeal or otherwise disturb our ability to address the merits of Dickson's contentions.

Our review of the record leads us to conclude that Dickson's informal appellate brief and objections to the magistrate judge's recommendation are marginally sufficient, when accorded liberal construction, to preserve appellate review of the district court's ruling under § 1915(g). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858

---

[*] Although Dickson has not challenged the district court's October 25, 2017, order on appeal, we are obliged to inquire sua sponte into matters affecting our own jurisdiction. *Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016).

F.3d 239, 245 (4th Cir. 2017). Turning to the merits of that decision, our review of Dickson's prior filings lead us to a contrary result. As we previously explained, the cases relied upon by the district court in rejecting Dickson's application to proceed under the PLRA do not qualify as "strikes" under our precedent. First, *Dickson v. Warden of the Fed. Transfer Ctr.*, No. 5:12-cv-00384-C (W.D. Okla. Apr. 11 & May 15, 2012), does not qualify as a strike under *McLean* because it was dismissed without prejudice for failure to state a claim. Likewise, *Dickson v. Sammuels*, No. 5:14-cv-01108-C (W.D. Okla. Mar. 10 & Apr. 7, 2015), and *Dickson v. United States*, No. 4:14-cv-02444-CKJ-PSOT (D. Ariz. Nov. 13, 2015), were dismissed due to Dickson's failure to pay the filing fee after being designated a three-striker. Such dismissals do not qualify as strikes. We therefore conclude that the district court erred in relying on these cases to dismiss Dickson's complaint under § 1915(g).

After conducting a review of Dickson's remaining cases on PACER, we are unable to identify three dismissals that qualify as strikes. It appears that several courts have relied on Dickson's concession that he had three prior cases dismissed as frivolous, malicious, or for failure to state a claim. However, we decline to rely on Dickson's statement, as we cannot verify its accuracy.

Dickson also challenges the magistrate judge's denial of his motions for appointment of counsel. Because Dickson failed to timely object to the magistrate judge's rulings, however, he has forfeited appellate review of these orders. *See* Fed. R. Civ. P. 72(a); *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011).

5

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. We deny Dickson's motions related to his inmate trust account. *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*