**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-6461**

———————

ONAJE KUDURA SEABROOK,

Plaintiff - Appellant,

v.

LT. CARTER; SGT. MILES PERKINS,

Defendants - Appellees,

and

JANE DOE #3, Health Care Authority; JANE DOE #2, Nurse; JANE DOE #1, Nurse; JANE DOE #4, Nurse,

Defendants.

———————

**No. 24-6561**

———————

ONAJE KUDURA SEABROOK,

Plaintiff - Appellant,

v.

LT. CARTER; SGT. MILES PERKINS,

Defendants - Appellees,

and

JANE DOE #3, Health Care Authority; JANE DOE #2, Nurse; JANE DOE #1, Nurse; JANE DOE #4, Nurse,

                Defendants.

-----

Appeals from the United States District Court for the District of South Carolina, at Aiken. Richard Mark Gergel, District Judge.  (1:23-cv-00007-RMG)

-----

Submitted:  February 24, 2025                          Decided:  March 3, 2025

-----

Before AGEE and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

-----

Vacated and remanded by unpublished per curiam opinion.

-----

Onaje Kudura Seabrook, Appellant Pro Se.  Charles Clifford Rollins, RICHARDSON PLOWDEN & ROBINSON, PA, Columbia, South Carolina, for Appellees.

-----

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Onaje Kudura Seabrook appeals the district court's order accepting the magistrate judge's recommendation and granting summary judgment to Defendants (No. 24-6461), and the court's order overruling Seabrook's objections to the magistrate judge's recommendation (No. 24-6561). The magistrate judge recommended granting Defendants' motion for summary judgment on Seabrook's 42 U.S.C. § 1983 action because Seabrook failed to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and qualified immunity shielded Defendants. The district court overruled Seabrook's April 3 amended objections to the magistrate judge's report, granted summary judgment to Defendants, and concluded that objections dated March 13 and filed after entry of the dismissal order were substantially similar to the April objections; the court dismissed the March 13 objections as moot. We vacate the district court's orders and remand for further consideration.

The district court must "make a de novo determination of those portions of the [magistrate judge's] report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To receive de novo review of a magistrate judge's recommendation and preserve appellate review of the substance of that recommendation, a party must file timely, specific objections to the magistrate judge's report. *Elijah v. Dunbar*, 66 F.4th 454, 459-60 (4th Cir. 2023); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017). To qualify as timely, a party's objections generally must be filed within 14 days of the service of the magistrate judge's report. 28 U.S.C. § 636(b)(1). To qualify as specific, a party's objections to a magistrate judge's recommendations must "reasonably . . . alert the district

3

court of the true ground for the objection." *Elijah*, 66 F.4th at 460 (internal quotation marks omitted). We review the timeliness and specificity of a party's objections de novo. *Id.* at 461; *Solis v. Malkani*, 638 F.3d 269, 273 (4th Cir. 2011).

Here, the record discloses that Seabrook timely and specifically objected to the magistrate judge's findings that he failed to exhaust his administrative remedies and that Defendants violated his constitutional rights. Importantly, Seabrook asserted that he gave his original objections to prison staff on March 13, 2024, and prison staffed stamped the envelope as received and postmarked the envelope on March 14, 2024, within the extended deadline for filing objections. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming document filed when given to prison officials for mailing). Seabrook also timely filed amended objections in April. The district court, however, had received and reviewed only Seabrook's April objections before accepting the magistrate judge's recommendation and granting summary judgment to Defendants. Once the district court received Seabrook's March 13 objections, the court determined that they were substantially similar to the April objections and concluded that the March 13 objections were therefore moot.

Because the March 13 objections were timely filed under *Houston v. Lack* and were not substantially similar to the April objections—and indeed included objections not raised in the April objections—we conclude that the March 13 objections were not moot and were properly before the district court. *See Elijah*, 66 F.4th at 459-60. Accordingly, we vacate the district court's orders and remand for consideration of Seabrook's March 13 objections in the first instance. We express no opinion on the merits of Seabrook's claims. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*