934 F.2d 319
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
METPATH, INCORPORATED, a New Jersey Corporation, Plaintiff-Appellee,
v.
MODERN MEDICINE, a West Virginia Corporation, Defendant-Appellant.
 No. 90-2234.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1991.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-90-30-2)
 Harvey D. Peyton, Calwell, McCormick & Peyton, L.C., Nitro, W.Va., for appellant.
 Cynthia Lourena Wilson, Bowles, Rice, McDavid, Graff & Love, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Modern Medicine, Inc., appeals the district court's order granting summary judgment in favor of MetPath, Inc., in this diversity action. On appeal, Modern Medicine raises three issues. First, Modern Medicine contends that the district court erred in refusing to accept untimely responses to MetPath's request for admissions. Next, Modern Medicine contends that the district court erred in failing to accept an affidavit in support of the untimely response to the request for admissions. Finally, Modern Medicine asserts that there were genuine issues of material fact which should have precluded the district court's grant of summary judgment. We find that the district court did not err; accordingly, we affirm.
 
 
 2
 MetPath, Inc., a New Jersey corporation, performed medical testing for Modern Medicine, Inc., a West Virginia corporation, as part of a contractual arrangement. Modern Medicine fell behind in its payments, and MetPath brought this diversity action to recover $55,545.66 from Modern Medicine for services rendered. Modern Medicine denied liability in excess of $50,000, the jurisdictional limit.
 
 
 3
 MetPath served by mail a request for admissions on Modern Medicine on March 27, 1990, and filed the request in the district court on March 28. MetPath requested that Modern Medicine admit that it received a number of invoices, that the invoices accurately reflected work performed by MetPath for Modern Medicine, and that each and every payment made by Modern Medicine was reflected on the invoices. The invoices were attached to the request for admissions, and Modern Medicine's response was due on April 30, 1990.[1]
 
 
 4
 Modern Medicine failed to respond to the request for admission. Therefore, on May 23 MetPath moved for default judgment or summary judgment.[2] MetPath contended that all of the invoice amounts and payment amounts were admitted as a result of Modern Medicine's failure to respond to the request for admissions, and that therefore, there were no genuine issues of material fact remaining to be resolved through further litigation.
 
 
 5
 Modern Medicine responded to the request for admissions on June 8. It admitted to receiving the majority of MetPath's invoices, denied receiving one group of invoices, and denied that MetPath's invoices reflected accurately the services provided by MetPath. Its only reason for failing to file the responses in a timely fashion was that the invoices were voluminous, and responding required an extensive search through Modern Medicine's records. However, Modern Medicine failed to move for an extension of time prior to the expiration of the 30-day limit.
 
 
 6
 MetPath moved for ruling on its motion for summary judgment. MetPath also moved to strike Modern Medicine's June 8 response to the request for admissions as untimely. Modern Medicine moved to be allowed to file its response out of time, arguing that MetPath would not be prejudiced by the untimeliness of the response. Modern Medicine also moved to file an untimely affidavit of Dr. Elias Haikal, the chief executive officer of Modern Medicine, in response to the request for admissions. MetPath opposed the motion.
 
 
 7
 The district court granted MetPath's motion for summary judgment, denying Modern Medicine's motions to file untimely responses to the request for admissions and granting MetPath's motion to strike Modern Medicine's untimely responses. The court held that Modern Medicine admitted the facts in the request for admissions by failing to timely respond, and that there were no further genuine issues of material fact. MetPath moved to amend the judgment pursuant to Fed.R.Civ.P. 52(a) to specify the amount of judgment ($55,545.66), and the district court granted the motion. Modern Medicine appealed.[3]
 
 
 8
 Modern Medicine does not deny that it failed to respond to the request for admissions in a timely fashion. It also concedes that requests for admissions are deemed admitted if not responded to within the time allowed by Fed.R.Civ.P. 36(a). Rather, Modern Medicine contends that the district court could have granted its motion to file untimely responses and thereby allowed it to withdraw the admissions made by default.
 
 Rule 36 provides in relevant part:
 
 9
 the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.
 
 
 10
 Fed.R.Civ.P. 36(b). The Eighth Circuit has held that failure to file a timely response does not automatically require the court to deem matters admitted; rather, the court may, in its discretion, allow an untimely response. Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir.1983). The court held that a late response was the equivalent of a motion to withdraw or amend a response, and that amendment could be allowed when the opposing party suffered no prejudice by the amendment. 710 F.2d at 1313. Finally, the court held that prejudice resulted when a party will face difficulty in proving its case because of a "sudden need to obtain evidence required to prove the matter that had been admitted." 710 F.2d at 1314, citing Brook Village North Assoc. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982). In Gutting, however, the opposing party was not prejudiced by the late filing of responses because it had already obtained the necessary evidence through depositions.
 
 
 11
 The Second Circuit has held that "[u]nder compelling circumstances the District Court may allow untimely replies to avoid the admission." Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir.1966). That court, too, held that an untimely response should only be allowed in the absence of prejudice to the opposing party. Similarly, the Ninth Circuit has held that in the absence of prejudice to the opposing party or bad faith on the part of the answering party, late responses to requests for admission may be allowed in the district court's discretion. French v. United States, 416 F.2d 1149, 1152 (9th Cir.1968).
 
 
 12
 In this case, MetPath alleged that it would be prejudiced by Modern Medicine's proposed untimely response. Specifically, MetPath stated that it would be forced to obtain evidence to prove facts admitted by Modern Medicine by default, and that obtaining this evidence would result in significant expense and delay. The district court agreed with this assessment, and granted the motion to strike the untimely response.
 
 
 13
 The district court's denial of Modern Medicine's motion to file untimely responses may only be overturned upon a showing of abuse of discretion. 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir.1985). The prejudice suffered by MetPath, though not great, was sufficient to support the district court's rejection of Modern Medicine's untimely response to the request for admissions. MetPath may have had to incur expenses in obtaining evidence to prove the facts which Modern Medicine admitted to by default. Further, Modern Medicine could have moved for an extension of time to answer or could have stated that it did not have sufficient information to answer; its efforts to comply with Rule 36 were minimal at best. Therefore, we hold that the district court did not abuse its discretion in refusing to allow the untimely responses to MetPath's request for admissions. See Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548-49 (5th Cir.1985) (plaintiffs' failure to timely respond to request for admission and failure to offer reason for delay justified striking late response; control of discovery committed to sound discretion of district court).
 
 
 14
 Similarly, Modern Medicine contended that the district court erred in refusing to accept Dr. Haikal's affidavit. The affidavit was filed in response to the request for admissions, and it was untimely; further, it only served to refute matters admitted by default by Modern Medicine. Therefore, the court correctly refused to allow the affidavit.
 
 
 15
 Finally, Modern Medicine contended that the district court erred in granting summary judgment in favor of MetPath. However, taking the matters admitted by Modern Medicine as conclusive, there was no remaining genuine issue of material fact. Modern Medicine's admission that MetPath had performed services, that it owed money to MetPath for those services, and that it had only paid a small part of that money proved MetPath's claim. Further, MetPath's calculation of the amount due under the invoices was proper. Therefore, summary judgment was properly granted. Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (summary judgment may be granted on the basis of admissions made by default).
 
 
 16
 We affirm the district court's grant of summary judgment in favor of MetPath. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Under the Federal Rules of Civil Procedure, requests for admissions are deemed admitted unless denied within 30 days of service. Fed.R.Civ.P. 36. Three days were added because the request for admissions was served by mail, and because the due date fell on a Sunday, the response was due on the following Monday. Fed.R.Civ.P. 6(a), (e)
 
 
 [2]
 Prior to its motion for default or summary judgment, but after the last date for response to the request for admissions, MetPath contacted Modern Medicine by telephone and mail seeking a response. MetPath warned Modern Medicine that it would move for default or summary judgment if Modern Medicine did not respond by May 18
 
 
 [3]
 Modern Medicine filed a premature notice of appeal while the Rule 52(a) motion was pending, but that appeal was dismissed on the parties' stipulation