**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Mary Marcellin,
　　　　　　*Plaintiff-Appellant,*

and

Thomas Kupferer,
　　　　　　　*Plaintiff,*

v.

John Kupferer; Home Buyer
Publications, Incorporated; Log
Home Living Institute,
Incorporated; Builder-Dealer
Management Services,
Incorporated,
　　　　　*Defendants-Appellees.*

No. 02-2157

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-02-95-A)

Submitted: March 18, 2003

Decided: April 15, 2003

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Karen A. Khan, KHAN ROMBERGER, P.L.L.C., Washington, D.C., for Appellant. R. Mark Dare, Nigel L. Wilkinson, REEDSMITH, Falls Church, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mary Marcellin appeals the district court's orders denying her motion for summary judgment and granting Appellees' motion for summary judgment on her claims under the Equal Pay Act, 29 U.S.C. § 206(d) (2000). We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the parties' briefs, the joint appendix, the supplemental joint appendix and the district court's orders. We conclude the district court properly determined Marcellin failed to establish a prima facie case under the Equal Pay Act because she has not shown that her employer paid different wages to employees of different genders. *See Strag v. Board of Trustees*, 55 F.3d 943, 950 (4th Cir. 1995). Furthermore, even if Marcellin could establish a prima facie case, we conclude the district court properly determined that any disparity in

pay was based on a factor other than gender. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 613-14 (4th Cir. 1999).

Marcellin also asserts the district court erred when it denied her motion for relief under Fed. R. Civ. P. 56(f) and when it failed to deem her requests for admissions admitted under Fed. R. Civ. P. 36(a). We review the district court's orders concerning discovery management for abuse of discretion. *Wells v. Liddy*, 186 F.3d 505, 518 n.12 (4th Cir. 1999). We conclude the district court's summary judgment order implicitly denied Marcellin's Rule 56(f) motion and find no abuse of discretion. We also find no abuse of discretion in the district court's order denying Marcellin's request to have its requests for admissions deemed admitted under Rule 36(a). Accordingly, we affirm on the reasoning of the district court. *See Marcellin v. Kupferer*, No. CA-02-95-A (E.D. Va. July 19, 2002 & Sept. 3, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*