**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6117

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDERSON BENENHALEY, a/k/a Andy,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.   (3:98-cr-00524-DWS-7; 3:99-cr-00073-CMC-2; 3:04-cv-23330-CMC)

Submitted: May 18, 2007               Decided: July 10, 2007

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anderson Benenhaley, Appellant Pro Se.  Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anderson Benenhaley appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. We previously granted a certificate of appealability on Benenhaley's claim that trial and appellate counsel were ineffective for failing to assert that his second indictment on drug conspiracy charges violated the thirty-day rule of the Speedy Trial Act ("STA"). We now affirm the district court's implicit denial of this claim.[*]

Under the STA, an indictment must be filed within thirty days from the date on which a defendant is arrested. 18 U.S.C. § 3161(b) (2000). "The purpose of the STA's thirty-day arrest-to-indictment requirement is to ensure that the defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must defend himself." United States v. Spagnuolo, 469 F.3d 39, 43 (1st Cir. 2006) (internal quotation marks and citations omitted). Thus, § 3161(b) generally is not triggered where the indictment precedes the arrest.

Here, Benenhaley was initially indicted for conspiracy to distribute methamphetamine on May 20, 1998. He was not arrested until after the grand jury returned the indictment. Thus, his initial indictment did not trigger § 3161(b). On February 8, 1999,

_____

[*]By omitting this claim from its opinion, the district court implicitly rejected it. Cf. Miller v. Auto. Club of N.M., Inc., 420 F.3d 1098, 1117 (10th Cir. 2005) (a district court's failure to respond to arguments raised in Fed. R. Civ. P. 72(a) objections is tantamount to an implicit denial of those claims and "a refusal to overrule the magistrate judge's order"); Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 219-20 (5th Cir. 2000).

the drug conspiracy charge was dismissed without prejudice; however, Benenhaley remained in custody on separate charges. He was indicted on new conspiracy charges on February 17, 1999, and a new arrest warrant was issued and executed subsequent to the new indictment. Again, because Benenhaley was indicted before his arrest on the new charges, we find that § 3161(b) was not triggered. Because there was no § 3161(b) violation, we find that trial and appellate counsel were not ineffective for failing to assert such a claim. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (applying standard).

Accordingly, we affirm the district court's implicit rejection of this claim. Benenhaley's motion to proceed in forma pauperis on appeal is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED