<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2286**

ANNETTE REDDICK; TASHA REDDICK; ARLENE CARTER; TIESE MITCHELL; CRYSTAL LEWIS; J.M., Infant, by his next friend Tiese Mitchell; J.M., Infant, by her next friend Tiese Mitchell; J.J., Infant, by his next friend Crystal Lewis; R.C., Infant, by her next friend Arlene Carter; Z.C., Infant, by her next friend Arlene Carter,

            Plaintiffs – Appellants,

     v.

WILLIAM A. WHITE,

            Respondent – Appellee,

     and

JOHN CROCKETT HENRY, a/k/a John Crockett Henry, Jr., a/k/a James Crockett Henry, a/k/a J.C. Henry; HENRY LLC OF VIRGINIA BEACH,

            Defendants,

UNITED STATES OF AMERICA,

            Plaintiff.

------------------------------

NEAL LAWRENCE WALTERS,

            Amicus Supporting Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:07-cv-00342-RBS-FBS)

Submitted:  October 17, 2011          Decided:  December 1, 2011

Before SHEDD and DUNCAN, Circuit Judges, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

Vacated and remanded by unpublished per curiam opinion.

Anthony F. Troy, William H. Hurd, Stephen C. Piepgrass, Robert M. Luck, III, TROUTMAN SANDERS, LLP, Richmond, Virginia, for Appellants.  Neal L. Walters, Joshua M. Friedman, Third Year Law Student, F. Daphne Li, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Amicus Supporting Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After William A. White made internet postings about lead-counsel for the plaintiffs (the Tenants) in a Fair Housing Act case, the Tenants moved for sanctions against White. The district court referred the motion to a magistrate judge, who held an evidentiary hearing and entered an order denying the Tenants' motion. Applying clear error review, the district court affirmed. Because the district court was required to perform a de novo review under 28 U.S.C. § 636, we vacate and remand for further proceedings.

I.

The Tenants, as plaintiff-intervenors, were part of a Fair Housing Act proceeding brought against an apartment complex owner in Virginia Beach. In May 2007, White — who was not a party to the action — mailed letters to the Tenants using racially abusive language. The Tenants responded by issuing subpoenas to White, seeking to determine if he had some connection to the apartment complex owner. In February 2008, White moved to quash the subpoenas. However, prior to the hearing on that motion, White posted publicly available information about the Tenants' counsel on an internet message board coupled with a warning that "no one" was to contact or disturb the attorney or his wife during the litigation. (J.A.

3

333).  The posting also stated that "[a]fter we are done with our legal dispute, they are open game, but while we are involved in this legal dispute, there is to be nothing done."  Id.

The Tenants responded to White's posting by filing a motion for sanctions against him, citing the district court's inherent power to sanction bad-faith behavior.  See Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991).  The district court referred the matter to a magistrate judge for an evidentiary hearing.[*]  During the pendency of this motion, the Tenants settled the underlying Fair Housing Act litigation.  Eventually, the magistrate judge issued a lengthy order denying the motion for sanctions.  The Tenants filed objections to the magistrate judge's ruling and specifically requested a de novo review by the district court.  Reviewing the Tenants' objections "under the clearly erroneous standard here applicable," the district court affirmed the magistrate judge's order.  (J.A. 724).

## II.

On appeal, the Tenants argue that the district court erred in applying a clearly erroneous standard instead of a de novo standard in reviewing the magistrate judge's ruling.  We agree.

---

[*] The docket sheet notes the magistrate judge was to enter a "report and recommendation."  (J.A. 14-15).

4

A magistrate judge's power is derived from 28 U.S.C. § 636, which provides two general types of referrals by a district court. Section 636(b)(1)(A) provides that a district court may "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for a non-exhaustive list of motions detailed in the statute. 28 U.S.C. § 636(b)(1)(A). Under this section, a district court reviews a magistrate judge's order to determine if it is "clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). In contrast, § 636(b)(1)(B) provides that, with regard to the motions excepted from subsection (A), a district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge . . . proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). Further, this section authorizes a district court to issue appropriate "additional duties" to a magistrate judge so long as they are consistent with the Constitution. 28 U.S.C. § 636(b)(3). Because a magistrate judge is only empowered under this section to make recommendations, a district court's review is de novo. See Fed. R. Civ. P. 72(b). The Supreme Court has summarized these grants of authority to mean that "nondispositive" pretrial matters are governed by § 636(a) and "dispositive" matters are covered by § 636(b). Gomez v. United States, 490 U.S. 858, 873-74 (1989). Rule 72, which

5

implements § 636, likewise requires a de novo review for "pretrial matter[s]" that are "dispositive of a claim or defense." Fed. R. Civ. P. 72(b)(1).

On appeal, the Tenants contend that the magistrate judge's ruling on sanctions in this case is "dispositive" within the meaning of § 636 and Rule 72, and the district court was thus statutorily required to perform de novo review. We agree that the sanctions ruling in this case — issued pursuant to a district court's inherent authority and after the underlying litigation had ended — was "dispositive" and required de novo review.

Sanctions are authorized by rule in several instances, including Federal Rules of Civil Procedure 11, 16, and 37. In Chambers, the Court recognized that federal courts also have an "inherent" power under Article III to award attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Chambers, 501 U.S. at 44-46. This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 43 (internal quotation marks omitted).

A motion for sanctions under the district court's "inherent" power is not a pretrial matter under §636(B)(1)(a). Magistrate judges have no inherent Article III powers — they

6

have only those powers vested in them by Congress. See N.L.R.B. v. A-Plus Roofing, Inc., 39 F.3d 1410, 1415 (9th Cir. 1994) (noting magistrate judges are "creatures of statute, and so is their jurisdiction. [Courts] cannot augment it"). Congress has not created statutory authorization for magistrate judges to exercise inherent Article III powers. Cf. In re Rainbow Magazine, Inc., 77 F.3d 278, 283-84 (9th Cir. 1996) (noting bankruptcy judges have inherent power to sanction because Congress created specific statutory authorization). Assuming a district court can delegate its inherent powers under § 636(b)'s "additional duties" clause, de novo review of the exercise of those powers is required. See United States v. Osborne, 345 F.3d 281, 289-90 (4th Cir. 2003) (holding that "additional duties" clause permitted district court to authorize a magistrate judge to conduct a plea colloquy, but that such authorization is consistent with Article III only if de novo review by an Article III court is available upon request).

In addition, the sanctions order in this case addressed a non-party and was issued after the conclusion of the underlying litigation. The magistrate judge's ruling was thus "dispositive of a claim," that is, a claim for sanctions against White. In fact, as the Tenants note, the sanctions motion was the only "claim" against White in the case.

In sum, the motion for sanctions in this case — requested under the district court's "inherent" power and issued after the conclusion of the underlying case — was not a nondispostive pretrial matter under §636(B)(1)(a), and the magistrate was permitted only to enter a Report and Recommendation subject to the district court's de novo review. The district court's failure to apply the proper de novo standard of review is reversible error. ALCOA v. EPA, 663 F.2d 499, 502 (4th Cir. 1981).

### III.

Accordingly, for the foregoing reasons, we vacate the district court's order and remand the case for the district court to perform a de novo review of the magistrate judge's order denying sanctions. We express no opinion on the merits of the Tenants' motion for sanctions.

VACATED AND REMANDED

8