**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2348**

EDDY R. BAILEY,

        Plaintiff – Appellant,

    v.

THE CHRISTIAN BROADCASTING NETWORK; OFFICER Y. MORENO;
CHIEF CHRIS MITCHELL,

        Defendants – Appellees,

    v.

THE CHRISTIAN BROADCASTING NETWORK, INCORPORATED;
CHRISTOPHER WILLIAMSON,

        Movants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (2:10-cv-00129-RAJ-TEM)

Submitted:  May 31, 2012        Decided:  June 15, 2012

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Eddy R. Bailey, Appellant Pro Se. David Drake Hudgins, Juliane Corroon Miller, HUDGINS LAW FIRM, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddy Bailey appeals the district court's judgment denying relief on his 42 U.S.C. § 1983 (2006) claims against Appellees Christian Broadcasting Network, Officer Yahzin Moreno, and Chief Christopher Mitchell. Bailey also appeals certain orders and rulings leading to the final judgment. We affirm in part, vacate in part, and remand for further proceedings.

Bailey challenges several of the district court's discovery rulings. "We afford substantial discretion to a district court in managing discovery and review discovery rulings only for abuse of that discretion." United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). "A district court abuses its discretion only where it has acted arbitrarily or irrationally, has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." L.J. v. Wilbon, 633 F.3d 297, 304 (4th Cir.) (internal quotation marks and alterations omitted), cert. denied, 132 S. Ct. 757 (2011).

Bailey claims that he should have been granted an extension of time in which to file his responses to the Appellees' Requests for Admission ("RFAs"). "A party may serve on any other party a written request to admit . . . facts, the application of law to fact, or opinions about either" that are

3

within the permissible scope of discovery. Fed. R. Civ. P. 36(a)(1)(A). If the party served with the RFAs does not respond within thirty days following service, the matters are deemed admitted and "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); see Fed. R. Civ. P. 36(a)(3). Withdrawal or amendment is permissible "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

In ruling on Bailey's motion, the magistrate judge heard arguments from both parties regarding prejudice and excusable neglect but made no factual findings as to these issues. The magistrate judge's holding appears to have been based on his conclusion that he was bound by the language of Rule 36(a), rather than any consideration of the discretionary factors established by Rule 36(b). However, as the motion for extension of time to respond to RFAs was, in essence, a motion to withdraw deemed admissions, the Rule 36(b) factors were integral to the court's determination. See Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1313 (8th Cir. 1983). Reliance on an erroneous legal premise and failure to consider the Rule 36(b) factors in ruling on a motion to file RFAs out of time constitutes an abuse of discretion. See Wilbon, 633 F.3d at

4

304; <u>Conlon v. United States</u>, 474 F.3d 616, 625 (9th Cir. 2007). Although the district court was required to correct the magistrate judge's ruling if it found the ruling "clearly erroneous or . . . contrary to law," Fed. R. Civ. P. 72(a), the court denied Bailey's objections summarily and without further explanation. Thus, we conclude that the district court abused its discretion in denying Bailey's motion for an extension of time and in deeming the RFAs admitted on this basis.

We conclude that the court's error is harmless with regard to the grant of summary judgment in favor of Mitchell, as Bailey's proposed responses to the RFAs would not have been sufficient to avoid summary dismissal even if accepted. In granting judgment for Moreno as a matter of law, however, the district court's factual findings relied significantly on the deemed-admitted RFAs. Because we are unable to determine the effect of these RFAs on the court's findings, we can accord no deference to the court's factual findings or to its ultimate conclusion that the trial testimony required judgment as a matter of law in favor of Moreno. We therefore vacate that portion of the discovery order deeming the RFAs admitted, as well as the judgment in favor of Moreno, and remand for consideration of the Rule 36(b) factors in ruling on Bailey's motion for an extension of time to file responses to the RFAs.

In so doing, we express no opinion as to the propriety of granting such a motion in this instance.

Bailey raises three additional challenges to the court's disposition of the parties' requests for sanctions pursuant to Fed. R. Civ. P. 37. The Federal Rules of Civil Procedure provide that "[i]f a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court is further authorized to "impose other appropriate sanctions" upon the opposing party's motion and after providing an opportunity to be heard. Fed. R. Civ. P. 37(c)(1)(C). Appropriate sanctions may include "directing that . . . designated facts be taken as established," "prohibiting the disobedient party from supporting or opposing designated claims or defenses," and "striking pleadings in whole or in part." See Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), 37(c)(1)(C). The party facing sanctions carries the burden of demonstrating that his failure to comply was harmless or substantially justified, and the district court has "broad discretion" in determining whether such a burden has been met. Carr v. Deeds, 453 F.3d 593, 602 (4th Cir. 2006).

6

Bailey specifically argues that the district court erred in denying his claims for damages based on loss of future wages; in limiting the testimony of Dr. David Reid; and in denying his motion for sanctions. We conclude that the court abused its discretion in ruling on these motions. In sanctioning Bailey by denying his claims for future wages and limiting Dr. Reid's testimony, the magistrate judge failed to expressly consider whether Bailey demonstrated that his noncompliance with discovery rules was substantially justified or harmless. Similarly, in denying Bailey's motion for sanctions, the magistrate judge did not expressly find that Appellees violated their duty to disclose or supplement disclosure; nor did he announce the basis for the sanction he imposed. The district court overruled Bailey's objections summarily and provided no further explanation in upholding these rulings. In the absence of evidence that the court considered "the factors constraining its exercise of discretion" as set out in Rule 37(c)(1)(C), we conclude that the record is insufficient to permit meaningful judicial review. See Wilbon, 633 F.3d at 304. Additionally, to the extent the court relied on the magistrate judge's conclusion that Bailey could not support a finding of damages based on lost future wages, we note that this determination on the merits was not supported by proper fact-finding. We therefore vacate the court's rulings on these

7

motions and remand for further consideration in accordance with Rule 37(c).[1]  Again, we express no opinion about the appropriate disposition as to these motions.

Turning to the remaining issues Bailey raises on appeal, we have reviewed the record and conclude that there is no reversible error in (1) the district court's orders granting in part Appellees' motion filed pursuant to Fed. R. Civ. P. 12(b)(6), and granting in part Appellees' motion for summary judgment; (2) the court's discovery rulings pertaining to a witness's address, eye examination reports, and the RFAs relating to Appellee Mitchell; and (3) the court's exclusion of certain witnesses and evidence at trial.  Accordingly, we affirm these rulings for the reasons stated by the district court and the magistrate judge.  (E.D. Va. filed Feb. 3, 2011 & entered Feb. 4, 2011; May 23, 2011; filed June 21, 2011 & entered June 22, 2011; Aug. 30, 2011; filed Aug. 31, 2011 & entered Sept. 1, 2011; filed Sept. 9, 2011 & entered Sept. 12, 2011; Trial Tr. dated Sept. 13, 2011, at 10-17, 41-42, 59-60).

We deny Bailey's motions for transcripts at the Government's expense and for leave to file documents

---

[1] To the extent Bailey asks this court to impose sanctions against the Appellees, we conclude he has failed to establish any valid basis for imposing sanctions in this appeal, and we deny such request.

electronically, and we deny the Appellees' motion to strike.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[2]  Although the documents with which Bailey seeks to supplement the record on appeal are not properly before us, see Fed. R. App. P. 10; United States v. Husein, 478 F.3d 318, 335-36 (6th Cir. 2007); see Lowry v. Barnhart, 329 F.3d 1019, 1024-25 (9th Cir. 2003), we conclude that striking these documents is unnecessary, as we simply decline to consider them.