**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1769**

_____

EDDY R. BAILEY,

               Plaintiff – Appellant,

     v.

OFFICER Y. MORENO,

               Defendant – Appellee,

    and

THE CHRISTIAN BROADCASTING NETWORK; CHIEF CHRIS MITCHELL,

               Defendants.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:10-cv-00129-RAJ-TEM)

_____

Submitted:  October 31, 2013     Decided:  November 22, 2013

_____

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Eddy R. Bailey, Appellant Pro Se. David Drake Hudgins, Juliane Corroon Miller, HUDGINS LAW FIRM, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddy Bailey filed claims under 42 U.S.C. § 1983 (2006) against the Christian Broadcasting Network, Inc. ("CBN"), and two officers on its police force, Chief Christopher Mitchell and Officer Yahzin Moreno (collectively, "Defendants"). The district court denied relief on these claims against all Defendants, and Bailey appealed. In a prior appeal, we affirmed the court's judgment in favor of Defendants CBN and Mitchell, as well as certain discovery orders. We vacated the judgment in favor of Defendant Moreno and portions of the court's pretrial discovery order, and we remanded to the district court for further consideration of those discovery issues. Bailey v. Christian Broad. Network, 483 F. App'x 808 (4th Cir. 2012) (No. 11-2348) (unpublished).

On remand, the magistrate judge issued a clarification order, explaining the basis for his prior discovery rulings and reissuing those rulings. Over Bailey's objections, the district court adopted those rulings and reissued judgment in favor of Moreno. Bailey now appeals the court's remand orders and judgment in favor of Moreno. For the reasons that follow, we affirm.

As an initial matter, we address the scope of our review in this appeal. "The mandate rule is a specific application of the law of the case doctrine" to cases that have

2

been remanded on appeal. Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co. ("Volvo"), 510 F.3d 474, 481 (4th Cir. 2007). The rule generally binds a lower court to carry out a higher court's mandate, prohibiting the lower court from considering on remand matters decided or laid to rest by the higher court. United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012) (internal quotation marks omitted); Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007).

Generally, where an issue could have been — but was not — raised in an initial appeal, that issue is waived in the initial appeal and is "not remanded" to the district court. Chao, 511 F.3d at 465. Because a waived issue does not fall within the scope of the appellate court's mandate, the mandate rule generally provides that "it is inappropriate to consider [such an issue] on a second appeal following remand." Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 505 (4th Cir. 1992); see also Volvo, 510 F.3d at 481 ("[U]nder the mandate rule[,] a remand proceeding is not the occasion for raising new arguments or legal theories."). We may deviate from the mandate rule in limited, exceptional circumstances. See United States v. Pileggi, 703 F.3d 675, 681-82 (4th Cir. 2013) (describing exceptions to mandate rule).

On appeal, Bailey challenges the magistrate judge's order requiring a protective order as a condition for compelling

3

Defendants to provide Bailey with the address of a witness. Because Bailey did not raise this specific challenge in his original appeal, it falls outside the scope of the appellate mandate. Bailey does not identify any circumstance warranting deviation from the mandate rule, and we have identified none. Accordingly, this issue is barred by the operation of the mandate rule.

Bailey next challenges the district court's judgment in favor of Moreno.[*] He also challenges the district court's order on remand clarifying and reissuing the portions of the discovery order (1) denying Bailey's motion for an extension of time to file requests for admission ("RFAs") and deeming those RFAs admitted, and (2) denying his request for specific sanctions against Defendants Mitchell and Moreno for failure to timely disclose a witness. Contrary to Bailey's assertion, on remand, the magistrate judge and the district court fully complied with our mandate requiring further consideration of these discovery rulings. We have reviewed the record with regard to these rulings and the court's judgment in favor of

---

[*] Because we vacated the district court's judgment in favor of Moreno pending the resolution of the discovery disputes on remand, the judgment was reissued by the district court on remand, and Bailey challenged this judgment both in his initial appeal and the instant appeal, the judgment in favor of Moreno is properly before us at this juncture.

4

Moreno and find no reversible error. Accordingly, we affirm these rulings substantially for the reasons stated by the district court and the magistrate judge. (E.D. Va. filed Nov. 3, 2011 & entered Nov. 4, 2011; Oct. 31, 2012; filed June 4, 2013 & entered June 5, 2013).

Finally, Bailey challenges the district court's order on remand clarifying and reissuing the portions of the discovery order limiting the scope of Dr. Reid's testimony and striking Bailey's claims for financial damages. Because these issues relate only to Bailey's claims for damages, but the district court properly concluded that none of the Defendants were liable to Bailey, these remaining challenges are moot.

Accordingly, we affirm the district court's judgment. We deny Bailey's motion for a deposition transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5