**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-2135**

—————————

ESTATE OF WAYNE A. JONES BY ROBERT L. JONES AND BRUCE A. JONES, Administrators of the Estate of Wayne A. Jones,

Plaintiff - Appellant,

v.

CITY OF MARTINSBURG, WEST VIRGINIA; PFC. ERIK HERB; PFC. DANIEL NORTH; PTLM. WILLIAM STAUBS; PTLM. PAUL LEHMAN; PFC. ERIC NEELY,

Defendants – Appellees,

and

MARTINSBURG POLICE DEPARTMENT; DOES 1 TO 25,

Defendants.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Croh, Chief District Judge. (3:13-cv-00068-GMG-JES)

—————————

Argued: March 22, 2016                    Decided: July 6, 2016

—————————

Before GREGORY and DUNCAN, Circuit Judges, and Richard L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

—————————

Remanded by unpublished order. Judge Gregory directed entry of the order with the concurrence of Judge Duncan. Judge Voorhees wrote a dissent from the order of remand.

**ARGUED:** Christopher Edwin Brown, BROWN FIRM, PLLC, Alexandria, Virginia, for Appellant. Philip W. Savrin, FREEMAN MATHIS & GARY, LLP, Atlanta, Georgia, for Appellees. **ON BRIEF**: Rocco J. DeLeonardis, CONSUMER LAW, PLLC, Reston, Virginia, for Appellant.

---

ORDER

---

GREGORY, Circuit Judge:

In the unique circumstances presented, because the facts admitted as a result of the requests for admission, which formed the basis of the underlying motion to deem requests for admissions admitted, constructively resolved all of the material issues in dispute, giving the motion a dispositive effect, and because this Court is unable to determine the extent of the district court's reliance on the admissions, this Court remands the matter to the district court for consideration of the discretionary factors in Rule 36(b) in determining whether to allow the withdrawal of the admissions. This order in no way opines on the merits of such consideration.

REMANDED

VOORHEES, District Judge, dissenting:

I respectfully dissent from the order entered in this case. My disagreement with the majority's action extends to the form, as recognized by the substantial variance in length between the majority's order and my dissent, as well as the substance of the disposition reached in this case.

In late December of 2013, the City of Martinsburg and the related individual defendants (collectively, the City) served requests for admission (RFAs) upon the Estate. On the day the responses were due, the City filed a "Motion to Deem Requests for Admissions to Plaintiffs Admitted." J.A. 48. This motion was referred to the magistrate judge who ultimately denied the motion because it was premature. J.A. 99. During oral argument before the magistrate judge, counsel for the City explicitly mentioned that "[i]f a party wants to have his admissions withdrawn, then he should file a motion under [Federal Rule of Civil Procedure] 36(b)." J.A. 86:21-23. The plain language of Rule 36(b) states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." On appeal, neither party seriously contests the fact that the plain meaning of Rule 36 posits that it is self-executing: "A matter is admitted, unless, within 30 days after being served, the party to whom the

3

request is directed serves on the requesting party a written answer." Fed. R. Civ. P. 36(a)(3).

Nevertheless, the City filed a "Second Motion to Deem Requests for Admissions to Plaintiffs Admitted." J.A. 100. The Estate responded by asserting incorrect arguments regarding the time period it had to respond to the requests. J.A. 122-23.

However, the Estate also argued that "there is sufficient evidence to contradict any purported admissions" and that it would not serve the purpose of Rule 36 to deem the RFAs admitted because the Estate could dispute the facts contained therein. J.A. 124. The Estate also attached its responses to the RFAs. J.A. 128-131. At no point, however, did the Estate mention Rule 36(b) or the word "withdraw" until it filed its appeal with this court.

The Estate asked this panel to cobble together these two filings and construe them as the functional equivalent of a motion under Rule 36(b). Prior unpublished decisions of this court have not strictly interpreted the motion requirement under Rule 36(b) and have allowed late responses or a motion for extension of time to serve as the functional equivalent of a motion under Rule 36(b). Bailey v. Christian Broad. Network, No. 11-2348, 483 F. App'x 808, 810 (4th Cir. June 15, 2012) (filing a motion for extension of time "was, in essence, a motion to withdraw deemed admissions"); Metpath, Inc. v. Modern

4

_Med._, No. 90-2234, 934 F.2d 319, 1991 WL 87534, at *2 (4th Cir. May 29, 1991) (per curiam) (late response). These decisions are based in part upon the reasoning by the Supreme Court that "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." _Torres v. Oakland Scavenger Co._, 487 U.S. 312, 316-17 (1988). Rule 36(b) is the pertinent rule and states that the required motion or "functional equivalent" thereof should contain a discussion of whether withdrawal "would promote the presentation of the merits" or prejudice the opposing party. Fed. R. Civ. P. 36(b). Under _Torres_ and the prior unpublished decisions of this court, it is appropriate to treat the related filings responding to the second motion to deem the RFAs admitted as the functional equivalent of a motion to withdraw under Rule 36(b).

The magistrate judge in the underlying case considered the second motion filed by the City, the Estate's response to the motion, and the attached response to the RFAs. J.A. 161-64. The magistrate judge granted the underlying motion in an order without explicitly considering the Rule 36(b) factors. _Id._ However, as explained _infra_, the result of the magistrate

5

judge's actions was to deny implicitly any constructive motion to withdraw.

At no point in this litigation did the Estate object to the form or substance of the magistrate judge's disposition of the motion. Ultimately, the City moved for and received summary judgment. Specifically, the district court found that "[m]any material facts in this case are undisputed because a magistrate court order deemed admitted requests for admission" and "the evidence in the record independently supports the facts admitted." J.A. 552.

The Estate timely appealed the grant of summary judgment. In the "Issues Presented for Review" it stated that this panel should consider (1) whether the district judge, as opposed to the magistrate judge, erred in granting the second motion to deem RFAs admitted without consideration of the Rule 36(b) factors; and (2) whether the district court properly granted summary judgment based on the deemed admissions. (Appellant's Initial Br., at 1). Later in the brief, the Estate argued that the magistrate judge's failure to consider Rule 36(b) constituted an abuse of discretion. (Id. at 21-22, 25). Much, if not all, of the discussion contained in the initial brief argued that the actions of the district court judge and magistrate judge were functionally indistinguishable.

6

On appeal, the City argued that the Estate failed to preserve the Rule 36(b) issue for appellate review by failing to object to the magistrate judge's order. Only in its reply did the Estate argue that the magistrate judge was required to issue a report and recommendation (R&R) and that the ruling "on these clearly dispositive matters without providing a [R&R] should be subject to review by this Court." (Appellant's Reply Br., at 3).

On March 22, 2016, this court heard oral arguments from counsel. Around six weeks later, on May 4, 2016, the panel ordered supplemental briefing on the following:

> (1) Whether, under 28 U.S.C. § 636, the City of Martinsburg's "second motion to deem requests for admissions to plaintiffs admitted" should be characterized as dispositive or non-dispositive of plaintiffs' claims?;
>
> (2) Whether, under 28 U.S.C. § 636, the magistrate judge had authority to "hear and determine" the City of Martinsburg's motion?; and
>
> (3) Whether there is an exception to the general rule of waiver when a magistrate judge issues an order beyond his statutory authority in 28 U.S.C. § 636?

A.   The First Level of Waiver

Today the panel has remanded by way of an order because the magistrate judge's order and the motion itself were "dispositive in effect." To reach this issue, the panel necessarily had to

7

find that it was appropriate to consider the Estate's newly advanced argument in its reply. However, "it is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." A Helping Hand, LLC v. Baltimore County, MD, 515 F.3d 356, 369 (4th Cir. 2008) (quoting United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004)). "[I]n rare circumstances, appellate courts, in their discretion, may overlook this rule and others like it if they determine that a 'miscarriage of justice' would otherwise result." Id. Perhaps the majority found that the supplemental briefing ordered obviated any prejudice to the City. See Brown v. Nucor Corp., 785 F.3d 895, 921 (4th Cir. 2015) (stating the purpose of this doctrine "is to avoid unfairness to an appellee and minimize the 'risk of an improvident or ill-advised opinion being issued on an unbriefed issue.'") (quoting United States v. Leeson, 453 F.3d 631, 638 n.4 (4th Cir. 2006)). Nevertheless, as explained below, this is but one instance of the Estate's failure to fully present its arguments to the appropriate judicial body. Accordingly, I would find that this is not the rare exception to this rule of waiver.

B.   The Second Level of Waiver

Assuming the panel found the requisite miscarriage of justice, it would still have to determine that a second and separate rule of waiver is inapplicable to remand this matter to

8

the district court.  As early as 1997, this court has stated, "[o]ur cases are replete with warnings that the consequences of failing to file objections is waiver of the right to appeal." Wells v. Shriners Hosp., 109 F.3d 198, 199 (4th Cir. 1997).  The text of Federal Rule of Civil Procedure 72 warns parties of the failure to object.  Regarding nondispositive matters, "[a] party may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. 72(a).  Regarding dispositive matters, to which the magistrate judge must file a R&R, the aggrieved party must file objections within fourteen days and "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(2)-(3) (emphasis added).  This court has extended the waiver rule to both dispositive and non-dispositive matters.  Solis v. Malkani, 638 F.3d 269, 274 (4th Cir. 2011) (Gregory, J.).

The order entered by the majority appears to indicate that it considered the order entered by the magistrate judge to be dispositive and, for that reason, remand was warranted.  There are two types of referrals under 28 U.S.C. § 636(b)(1).  Specifically, under § 636(b)(1)(A) a magistrate judge may "hear and determine" any pending pretrial matter and issue an order, so long as the matter does not involve a set of listed motions.  Under § 636(b)(1)(B), a magistrate judge may consider the

9

motions listed in § 636(b)(1)(A) but has to issue a R&R instead of an order.

Several unpublished decisions of this court have indicated that a motion that is the functional equivalent of a listed motion under § 636(b)(1)(A) is deemed dispositive and that a district court should apply a de novo standard of review instead of a clearly erroneous standard of review to timely filed objections.  See, e.g., Reddick v. White, No. 08-2286, 456 F. App'x 191, 193-94 (4th Cir. Dec. 1, 2011); see also Gomez v. United States, 490 U.S. 858, 868 (1989) (classifying the listed motions as "dispositive").  Federal Rule of Civil Procedure 72, a corollary to § 636, makes the distinction between (A) and (B) referrals by reference to whether a particular matter is dispositive or nondispositive.  Fed. R. Civ. P. 72.

To the knowledge of the undersigned, no case in this court has addressed directly the situation posed in this appeal: what happens when a magistrate judge enters an order on a matter that is deemed functionally dispositive and said order is never objected to?  Should the court refuse to apply the general rule of waiver because the magistrate judge was supposed to enter a R&R?

The Solis case is actually instructive on this point.  In Solis, the district court judge referred a request for fees to the magistrate judge without specifying whether the magistrate

10

judge should issue a R&R or an order. 638 F.3d at 272. The magistrate judge ultimately issued findings on a document entitled "order of the Court." Id. In Solis, neither party objected to the magistrate judge's order within the required period. Id. Instead, the aggrieved litigant appealed directly to the Fourth Circuit. The Fourth Circuit dismissed this first appeal for lack of jurisdiction.[1] On remand, the district court judge held that § 636(b)(1)'s list of motions was not exhaustive and instead extended to all dispositive motions. Chao v. Malkani, mem. op., No. 8:00-cv-03491, at *4 (D. Md. Feb. 25, 2009). It then held that the motion requesting fees was

---

[1] The panel reasoned that "[i]t is unclear from the record whether the district court's referral to the magistrate judge was pursuant to § 636(c) or § 636(b)." Chao v. Malkani, No. 07-1828, at *2 (4th Cir. June 5, 2008) (unpublished order). Given the ambiguity, the court found that it was without jurisdiction because a party may not directly appeal a R&R or a magistrate judge's order because of the application of the final judgment rule. See id. (such an order "cannot be directly appealed to this Court") (citing Reynaga v. Cammissa, 972 F.2d 414, 416-18 (9th Cir. 1992) (discussing the final judgment rule and deciding to issue a writ of mandamus to avoid determining whether appellate jurisdiction existed)). If the magistrate judge's order was under § 636(c), consent was not evident from the record. Id. Given the uncertainty of whether a final judgment was present, the panel remanded the matter to the district court and did "not address the issue of whether appellants have waived their right to appeal, as that is not before us at this time." Id. Here, it is abundantly clear that the court has jurisdiction over the final judgment entered by the district court in its grant of summary judgment. Moreover, the waiver issue is directly before this court.

11

dispositive under § 636. The district court judge then considered whether the parties waived the right to object to the magistrate judge's filing denominated as an "order." The district court judge stated that the only way the magistrate judge could have heard the motion was under § 636(b)(1)(B). Id. at 7.[2] Accordingly, the district court recharacterized the "order" as a R&R and determined that the parties waived the right to appeal the matter to him. Id. Finally, the district judge "adopted the report without further review." Id. at 8. On appeal, the Solis panel decided *de novo* whether the aggrieved party "waived its rights to challenge the findings of the magistrate judge by failing to file objections with the district court." 638 F.3d at 273. The court held that it was immaterial that the magistrate judge entered an order as opposed to a R&R: "Counsel should have known that their failure to act waived the right of their clients to district court review of recommendations, and that, thereafter, the court would be free to adopt the recommendations wholesale." Id. at 274. There is no reason not to apply Solis to the instant case. Assuming

---

[2] The district court judge also held that the defendants knew of the distinction because they objected to the referral of the matter to the magistrate judge on the dispositive/nondispositive distinction. Chao, mem. op., No. 8:00-cv-03491, at *7. However, the panel did not cite this evidence as a basis for upholding the district court's decision.

*arguendo* that the matters decided by the magistrate judge can be declared dispositive as stated by the majority, a clear line of precedent from this court indicates that filing objections is imperative to preserving review even at the district court level. Moreover, <u>Solis</u> posits that waiver applies no matter how the magistrate judge denominates his order.

Perhaps <u>Solis</u> and the general rule of waiver can be distinguished in the instant case, but that task has not been undertaken by the majority. The arguments distinguishing application of this second level of waiver were themselves waived by failing to include them in the initial brief. Assuming the majority has declined to apply the first level of waiver, it could perhaps have considered distinguishing the second level of waiver discussed above. In <u>Thomas v. Arn</u>, the Supreme Court expressly approved of the use of waiver when a party fails to object to a magistrate judge's R&R. 474 U.S. 140, 146-47 (1985). This rule derives from the courts of appeals' supervisory powers and serves (1) to focus the district court judge's attention on disputed matters; and (2) to promote judicial economy. <u>Id.</u> Without the rule of waiver, an aggrieved litigant could sandbag the district court judge by raising its objections on appeal. <u>Id.</u> at 147-48. As a consequence, either district court judges would have to consider carefully every single unobjected-to matter before their magistrate judges to

13

ensure that no error is present or appellate panels would have to perform this duty. Id. at 148. This court has suggested that an opportunistic litigant might even attempt to "bypass the district court entirely, even though Congress had lodged the primary responsibility for supervision of federal magistrates' functions with that judicial body." United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

The Supreme Court held that this enormous waste of the parties' and the judicial system's resources can properly be avoided by utilizing the appellate courts' supervisory powers. Arn, 106 U.S. at 47. However, the Supreme Court cautioned that these supervisory powers could not be applied if they "conflict with constitutional or statutory provisions." Id. at 148. The Ninth Circuit holds that waiver is inappropriate when a magistrate judge issues an order on a dispositive motion as opposed to a R&R because it implicates structural principles of Article III. Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) ("The line Congress drew between dispositive and nondispositive motions was not a result of happenstance. Rather, it reflects the very real concern that, at least absent consent, delegating the final disposition of cases to magistrate judges would run afoul of the Constitution."). The Ninth Circuit did not rest its holding on Article III but rather determined that the Magistrates Act amounted to a "statutory

14

provision that embodies a strong policy concerning the proper administration of judicial business." Bastidas, 791 F.3d at 1160 (quoting Nguyen v. United States, 539 U.S. 69, 78 (2003)). Following Nguyen, the Ninth Circuit stated that "the importance of policing the proper designation of judicial officers in Article III courts convinces us that review is warranted despite [the] failure to object." Id. at 1160. If the majority's order implies that this rule applies here, it should make that determination explicit in order to avoid the time consuming process that occurred in the instant case.

Moreover, this court should carefully examine Bastidas before adopting its reasoning. I will not attempt to exhaustively examine the Bastidas opinion, but I will pose several issues that deserve further examination before it is applied in this court.

First, Nguyen concerned the improper assignment of a non-Article III judge to a panel in clear violation of 28 U.S.C. § 292. 539 U.S. at 79-80. The violation of § 636 is not so clear. It relies upon a construction of § 636 that is more restrictive of the magistrate judge's powers than supplied in the text Congress enacted. In this case, the motion ruled upon by the magistrate judge is not a listed motion under § 636(b)(1)(A).

15

Secondly, the majority's order states that the magistrate judge's order itself was dispositive of the matter, but, the question then arises, when was it dispositive? How is a district court judge or magistrate judge to determine when particular discovery matters are dispositive of a claim? The answer to this question would seem to not be after an appellate panel returns these matters for further review.

Third, Nguyen concerned entry of a final ruling in a case by an improperly formed panel. However, here the magistrate judge's order never amounted to a final ruling that was appealable to this court. Rather, the final order on appeal is the grant of summary judgment. This is not a distinction without merit. The magistrate judge never purported to be the final arbiter of the viability of the claims advanced by the Estate and the district court always retained its supervisory role to hear any objections. Congress provided a mechanism for ensuring that aggrieved litigants receive Article III review of a magistrate judge's disposition of particular matters. Congress envisioned a system where the district court judge is the primary supervisor of the magistrate judge and § 636 supplies dissatisfied parties an avenue to ensure that the desired amount of supervision is available. See Schronce, 727 F.2d at 94. Any inclination here to adopt the Ninth Circuit's position without seriously examining Congress' other strong

16

policy favoring district court review of magistrate judge matters is inappropriate.

### C. There is Not a Putative Rule 36(b) Motion Pending Before the District Court

Finally, the majority's order appears to aver that the district court judge failed to rule upon an otherwise ripe Rule 36(b) motion. However, as stated above, the magistrate judge considered the entirety of the filings before him, including (1) the Estate's response to the motion to deem the RFAs admitted, and (2) its response to the RFAs. The essence of the majority's ruling implies comfort with conjuring an implicit motion but discomfort with allowing an implicit denial.

When the magistrate judge entered the order deeming the RFAs admitted, he implicitly denied any implied purported pending motions attending the Estate's response. Ruling otherwise would require a district court judge to comb through the materials presented to a magistrate judge to determine if some implicit matter was raised but not directly addressed in the magistrate judge's order or R&R. Our adversarial system stands as a check on such an effect. Moreover, a contrary holding would run afoul of the Magistrates Act's purposes as articulated by this court in numerous decisions as well as by the Supreme Court in <u>Arn</u>.

17

Unpublished precedent indicates that putative, un-ruled upon motions do not exist in this type of situation. By way of example, in Bailey, the magistrate judge was presented with a request for extension of time to answer requests for admission. 483 F. App'x 808, 809-10. The magistrate judge erroneously believed that he was constrained by Rule 36(a) and did not treat the motion for extension of time as the functional equivalent of a motion under Rule 36(b). Id. at 810. Critically, Bailey objected to this motion. Id. The district court summarily denied the objection. Id. Nowhere in the opinion does the Bailey panel intimate that the motion remained pending even after appeal. See id. Rather, the panel concluded that the district court itself erred by summarily rejecting the objections to the magistrate judge's disposition. Id. If the motion remained pending, the Bailey panel would not have needed to hold that the district court judge erred and would have instead, like the majority in this case, remanded the matter to the district court judge.

Moreover, the rule that a judge necessarily and implicitly denies all relief requested when he disposes of the matters presented to him without granting said relief is applied to other judicial officers. See Poindexter v. Mercedes-Benz Credit Corp., 792 F.3d 406, 411 (4th Cir. 2015) (affirming the district court's "implicit denial of" litigant's Rule 56(d) motion);

18

Varghese v. Honeywell Intern., Inc., 424 F.3d 411, 415 n.6 (4th Cir. 2005) (district court's rulings "stand[] as an implicit rejection of [litigant's] summary judgment argument"); United States v. Benenhaley, No. 06-6117, 240 F. App'x 581, 582 & n.* (4th Cir. July 10, 2007) ("affirm[ing] the district court's implicit denial" of a claim it admittedly did not address: "[b]y omitting this claim from its opinion, the district court implicitly rejected it."); Marcellin v. Kupferer, No. 02-2157, 60 F. App'x 513, 514 (4th Cir. Apr. 15, 2003) ("We conclude the district court's summary judgment order implicitly denied Marcellin's request to have its requests for admissions deemed admitted under Rule 36(a)."). The majority's order is an example of this doctrine applied in the appellate context. By not addressing the arguments advanced by the City, it has rejected them, albeit without providing sustaining rationale.

Finally, the Estate's response to the City's motion for summary judgment cannot be considered the functional equivalent of a motion under Rule 36(b). Attempting to dispute admitted facts at summary judgment cannot be considered the functional equivalent of a motion under Rule 36(b) without entirely eviscerating the motion requirement. Moreover, such a ruling would necessarily excise a portion of Rule 56 itself. See Fed. R. Civ. P. 56(c)(1)(A) (indicating that a party can show an absence of a dispute regarding factual matters by citing

19

admissions). Unpublished precedent from this court supports the proposition that a party's attempt to dispute admitted facts at summary judgment does not constitute the functional equivalent of a motion under Rule 36(b). Adventis, Inc. v. Consol. Prop. Holdings, Inc., Nos. 04-1405, 05-1411, 124 F. App'x 169, 173 (4th Cir. Mar. 2, 2005) ("Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment.") (quoting Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992)); Foxworth v. World Book Encyclopedia, Inc., No. 87-2128, 838 F.2d 466, 1988 WL 6814, at *1 (4th Cir. Jan. 27, 1988) (failing to give pro se litigant Roseboro notice prior to entering summary judgment for defendant was harmless error because the litigant had failed to timely respond to RFAs). Published and persuasive precedent from other Circuits hold likewise. Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1109 (7th Cir. 2004); Karras v. Karras, 16 F.3d 245, 247 (8th Cir. 1994). Finally, such a motion would necessarily be filed well outside the discovery period. J.A. 39, 239.

In conclusion, I do not believe that the facts presented in this case are so exceptional as to fall outside the general rule that a party waives arguments not advanced in its initial brief. Moreover, I do not believe the facts presented in this case justify deviating from well-settled precedent from this court that prohibits an aggrieved litigant from raising arguments on

20

appeal when he or she fails to raise the same before the district court judge. Finally, I do not believe our precedent has ever required a district court judge to review filings before a magistrate judge to determine if an unruled-upon implicit motion is buried in the docket.

The majority's position necessarily results in an undue restriction on a magistrate judge's ability to effectively perform his delegated tasks and imposes additional duties upon a delegating district court judge. Consequently, as envisioned by Arn, it has required the panel to address matters never addressed by the district court judge and has caused a substantial waste of judicial resources. The purpose of the Magistrates Act was to assist the judiciary as a whole to "reduce increasingly unmanageable caseloads." Schronce, 727 F.2d at 93. The Supreme Court has recognized that the judicial system would "grind nearly to a halt" without the presence of magistrate judges at the trial court level. Wellness Intern. Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1939 (2015).

The majority's order in this case necessarily traverses several layers of waiver to conclude that remand of this matter to the district court is appropriate. The majority's opinion in In re Carney best explains why affirming the grant of summary judgment is the correct result:

21

> For our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure. [The Estate's] plight in this case exemplifies how repeated failures to do so ultimately preclude a party from presenting the merits of his case.

In re Carney, 258 F.3d 415, 422 (5th Cir. 2001).  Given the aforementioned reasons, I must respectfully dissent.